UNITED STATES of America Plaintiff,

v.

Taj MOHAMMED, Defendant.

No. 00–CR–491 (LEK).

United States District Court,
N.D. New York.

April 5, 2001.

Carlos A. Moreno, AUSA, Office of U.S. Atty., James T. Foley, Albany, NY, for plaintiff.

Kent B. Sprotbery, Office of Fed. Public Defender, Albany, NY, for defendant.

*MEMORANDUM—DECISION
AND ORDER*

KAHN, District Judge.

Presently before the court is Defendant Taj Mohammed's motion for a judgment of acquittal, pursuant to Rule 29 of the Federal Rules of Criminal Procedure. For the following reasons his motion is GRANTED.

## I. BACKGROUND

Defendant was indicted on July 21, 2000 for three violations of federal law for his alleged role in a drug conspiracy. At the close of the Government's presentation of evidence, he moved for a judgment of acquittal. The Court reserved its decision on that motion and addresses it now.

## II. DISCUSSION

A. *Standard for Judgment of Acquittal Pursuant to Fed.R.Crim.P. 29*

■ When deciding upon a motion for a judgment of acquittal, a trial judge must determine whether, upon the evidence presented and giving full play to the right of the jury to determine credibility, a reasonable mind might fairly conclude guilt beyond a reasonable doubt. *United States v. Autuori*, 212 F.3d 105, 114 (2d Cir.2000). The Court must be careful to avoid "usurping the role of the jury." *United States v. Guadagna*, 183 F.3d 122, 129 (2d Cir.1999). As such, all evidence must be viewed, whether direct or circumstantial, in the light most favorable to the government and if the Court concludes that it is "fairly possible" for either reasonable doubt or no reasonable doubt to exist, the matter must be submitted to the jury to decide the matter. *Autuori*, 212 F.3d at 114.

B. *Counts 1 and 2 of the Indictment*

■ Count 1 of the Indictment charges the Defendant with violating 21 U.S.C. §§ 952 and 963 while Count 2 charges him with violating 21 U.S.C. §§ 841 and 846. The first charge alleges that the Defendant knowingly and intentionally conspired with individuals known and unknown to import heroin into this country. The second charge alleges that the Defendant knowingly and intentionally conspired with individuals to possess heroin with the intent to distribute.

■ Because a conspiracy is "by its very nature a secretive operation," *United States v. Provenzano*, 615 F.2d 37, 45 (2d Cir.1980), the government "need not present evidence of an explicit agreement; proof of a tacit understanding will suffice." *United States v. Gordon*, 987 F.2d 902, 906 (2d Cir.1993) (quoting *United States v. Skowronski*, 968 F.2d 242, 247 (2d Cir. 1992)). Thus, the government may prove the elements of a conspiracy, including defendant's knowledge of it and membership in it, entirely by circumstantial evidence. *See United States v. Tutino*, 883 F.2d 1125, 1134 (2d Cir.1989). Circumstantial evidence indicating a conspiracy may "include acts that exhibit a consciousness of guilt, such as false exculpatory statements ... and attempts to influence the testimony of a witness." *Gordon*, 987 F.2d at 907 (citations omitted).

In support of the conspiracy charges against Defendant, the Government introduced evidence indicating that a package addressed to "Debora Swilliams"[1] was sent from Pakistan to Defendant's residence in Amsterdam, New York on July 15, 2000 and delivered there by law enforcement officials posing as DHL workers on July 21, 2000. Defendant's mother-in-

---

**1.** Deborah Williams is Defendant's mother in law. Defendant was residing at Deborah Wil-

liam's house with his wife and newborn child at the time of the package's delivery.

law testified for the Government that she signed for the package in the first floor entrance hallway to her second floor apartment and brought it upstairs because she thought it contained books that she had ordered.

After placing it on a table in the apartment, she realized that the return address on the package was from an address in Pakistan that she did not recognize. She, along with her daughter's friend and daughter, examined the package further and concluded that it was not the books that were ordered. During this time Defendant was asleep.

At some point over the following hour, he awoke and saw them examining the package. He confirmed that the return address was from an unknown source in Pakistan. He proceeded to carry the package back to the first floor entranceway and placed it underneath a table near the front door without opening it. When his wife asked Defendant about its contents, he replied by telling her that "you women are nosy."

Approximately one hour later, law enforcement agents executed a search warrant on the apartment and opened the package. Inside were seventeen dresses sewn with plastic tubing filled with 1,353.6 grams of heroin. When confronted with this evidence, Defendant allegedly made a series of contradictory statements, including a denial that he ever touched the box. Later, he allegedly stated that the "kilo" it contained was not his. Particularly relevant to the Government's case regarding Defendant's knowledge and participation in the alleged conspiracy is the fact that Defendant allegedly made his "kilo in the box" statement prior to anybody disclosing to him that the box contained heroin.

Putting aside Defendant's "kilo in the box" statement for the moment, the government's entire offer of proof regarding Defendant's participation in the alleged conspiracy amounts to little more than suspicious activity. The sole act linking him to it was the fact that he took the package from his mother-in-law and placed it underneath the table by the front door after telling his wife that she was "nosy" for inquiring about its contents. Even though the Government exhaustively searched Defendant's residence, they did not find, and were not able to present, evidence indicating an agreement of any type between Defendant and other individuals involved in the alleged conspiracy nor was there any pattern of acts or incriminating physical evidence reflecting his participation in a criminal scheme. *See United States v. Torres,* 845 F.2d 1165, 1168 (2d Cir.1988). The government's investigation found no wiretap, telephone record or other evidence linking Defendant to the alleged conspiracy. *See United States v. Chang An–Lo,* 851 F.2d 547, 554–56 (2d Cir.1988). Moreover, the government failed to provide any evidence that Defendant ever saw the drugs in question or attempted to transfer it to another party. *See United States v. Martino,* 759 F.2d 998, 1003–04 (2d Cir.1985).

At best, the Government, as it repeatedly stated at trial, attempted to have the jury infer that Defendant knowingly participated in the conspiracy because someone had to have mailed the package to him and someone had to have stuffed the dresses with drugs. That may be true, but to make the additional leap that Defendant was in cahoots with these individuals simply on the basis of the fact that he placed an unknown and unopened package, addressed to his mother-in-law, underneath a table in his foyer after telling his wife that "you women are nosy" for inquiring about its contents is unreasonable. The Court cannot allow such rank speculation and suspicion about Defendant's role

in this alleged conspiracy to bootstrap itself into circumstantial evidence indicating guilt beyond a reasonable doubt.

■ As to Defendant's alleged "kilo in the box" statement, the Court notes, on cross examination, that the officer testifying about it stated that he recalled it being made to him approximately two hours before the trial was initially supposed to start. Although this officer had taken notes regarding all incriminating statements Defendant made during his interrogation, he somehow failed to remember this critical admission until moments before trial was to begin. Moreover, on cross-examination, the officer admitted that the officers who had executed the search warrant talked about the package's contents while in the house and that it was possible that Defendant overhead them before he was removed from there. Given these facts, the Court concludes that the "kilo in the box" statement, when considered in light of the totality of circumstances in which it was provided as well as the lack of other evidence provided, fails to save the government's "otherwise inadequate case." *See United States v. Nusraty,* 867 F.2d 759, 765 (2d Cir.1989)(quoting *Martino,* 759 F.2d at 1005). Accordingly, Defendant's motion for a verdict of acquittal as to Counts 1 and 2 of the Indictment is granted.

C. *Count 3 of the Indictment*

■ The third Count of the Indictment alleges that Defendant knowingly and intentionally possessed heroin with an intent to distribute it in violation of 21 U.S.C. § 841. "The essential elements of possession of narcotics with intent to distribute are that a defendant knowingly possessed a quantity of drugs and that he did so with the intent to distribute them." *United States v. Martinez,* 44 F.3d 148, 151 (2d Cir.1995) (vacated on other

grounds *United States v. Martinez,* 54 F.3d 1040 (2d Cir.1995)). The government may establish both possession and intent to distribute by circumstantial evidence. *See United States v. Sureff,* 15 F.3d 225, 228 (2d Cir.1994).

In support of the "knowing" aspect of possession, the Government's offer of evidence was limited to the "kilo in the box" statement. As already discussed, the testifying officer's last minute recollection of this evidence and his admission that Defendant may have overheard that the package contained heroin from other officers at his home cast serious doubt about the credibility of this evidence. Given the lack of any other evidence indicating that Defendant was aware of the contents of the package delivered to him, the Court holds that no reasonable trier of fact could conclude that he knowingly possessed heroin. Consequently, the Court grants Defendant's motion for a verdict of acquittal as to Count 3 of the Indictment.

## III. CONCLUSION

Accordingly, it is hereby

ORDERED, that Defendant's motion for a verdict of acquittal is GRANTED; and it is further

ORDERED that he be released from custody forthwith; and it is further

ORDERED, that the Clerk of the Court shall serve a copy of this order on all parties by regular mail.

IT IS SO ORDERED.